UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HENRY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 16-3029 |
| ) | |
| LEATHERS, *et al.* ) | |
| ) | |
| Defendants. ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Macon County Jail, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging constitutional claims related to conditions of confinement and procedural due process rights for incidents that occurred while he was incarcerated at the Dewitt County Jail. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

### ALLEGATIONS

For approximately eight (8) days, Plaintiff alleges he was deprived of a mattress for 16 hours per day while housed in "solitary confinement" at the Dewitt County Jail ("Jail"). Plaintiff alleges that prison officials would only provide a mattress for him to sleep on from 10:30 p.m. until 6:30 a.m. the next morning when they would remove the mattress from his cell. Plaintiff

alleges he was therefore forced to sleep on a cold concrete slab or sit on a metal stool while housed in his cell for 23 hours a day.

As a result, Plaintiff alleges that he experienced backaches and was later prescribed medication for such pain, though Plaintiff does not specify what type of medication he was prescribed. Plaintiff also alleges that he was not provided with a hearing within eight (8) days after being placed in solitary confinement in violation of a jail rule.

## ANALYSIS

Though not specifically alleged, other lawsuits Plaintiff has filed suggests that Plaintiff may be a pretrial detainee. *See, e.g.*, *Johnson v. Shafner*, No. 15-CV-2298 (C.D. Ill., filed Dec. 18, 2015). If so, Plaintiff's claim arises under the Fourteenth Amendment, rather than the Eighth Amendment's proscription against cruel and unusual punishment. *Mayoral v. Sheahan*, 245 F.2d 934, 938 (7th Cir. 2001). Nonetheless, there exists "little practical difference between the two standards." *Id*. (quoting *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000)).

### Conditions-of-Confinement

The standard for analyzing a conditions-of-confinement claim in the corrections context is well-established: a prison official is liable for denying a prisoner of his or her basic human needs, but only if the official is aware of and deliberately indifferent to an objectively serious risk of harm. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir.2008). The court must first determine whether the conditions at issue were "sufficiently serious" such that "a prison official's act or omission result[ed] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 832, 834 (1994) (internal quotation marks omitted); *see also Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir.2006). Jail conditions may be uncomfortable and harsh without violating the Constitution. *See Dixon v. Godinez,* 114 F.3d 640, 642 (7th Cir.1997).

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella,* 95 F.3d 586, 590 (7th Cir.1996) (citing *Farmer,* 511 U.S. at 832). Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim." *Henderson v. Sheahan,* 196 F.3d 849, 845 (7th Cir.1999) (quoting *Hudson*, 503 U.S. at 9).

Plaintiff does not allege that he was wholly denied a mattress, only that he was denied a mattress during waking hours. Courts within this circuit have found that short durations without a mattress do not rise to the level of a constitutional violation. *See McDonald v. Adams*, 2016 WL 792424, at *2 (E.D. Wis., Feb. 24, 2016) (denial of mattress for 16 hours a day for 27 consecutive days was not a sufficient deprivation to impose constitutional liability); *Stephens v. Cottey*, 145 Fed. Appx. 179, 180-81 (7th Cir. 2005) (unpublished) (no constitutional violation where prisoner slept directly on a metal bedframe for three days). Even if lack of a mattress during waking hours were unduly harsh, the conditions lasted only eight (8) days. Accordingly, the Court finds that Plaintiff has failed to state a conditions-of-confinement claim.

### Denial of Hearing

Plaintiff alleges that jail officials failed to provide him with a hearing on the eighth day of his solitary confinement as required by the jail's rules. Insofar as jail officials may have violated their own rules, Plaintiff does not state a constitutional claim. *Simmons v. Gillespie*, 712 F.3d 1041, 1044 (7th Cir. 2013) ("The Constitution does not require states to ensure that their laws are implemented correctly."); *Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003) (the Constitution does not compel a state to follow its own laws or permit a federal court to enforce state laws directly).

Nor does the fourteenth amendment's due process clause provide Plaintiff with any relief. The fact that Plaintiff was sentenced to a form of disciplinary segregation, standing alone, is not

sufficient to implicate a liberty interest protected by the Fourteenth Amendment. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). A person already confined may not create a federal claim "by citing small, incremental deprivations of physical freedom." *Thielman v. Leean*, 282 F.3d 478, 484 (7th Cir. 2002). Instead, Plaintiff's liberty interest is balanced against the ordinary incidents of his confinement. *Id.* Only those restrictions that impose an "atypical and significant hardship" will trigger due process concerns. *Sandin*, 515 U.S. at 484; *Miller v. Dobier*, 634 F.3d 412, 415 (7th Cir. 2011) ("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause.").

A court must examine "the combined import of the duration of the segregative confinement *and* the conditions endured." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (citations omitted) (emphasis in original). Absent exceptionally harsh conditions, short terms of segregation rarely give rise to protected liberty interests. *Id.* Here, Plaintiff alleges only that he was denied a mattress during waking hours for eight days. Accordingly, the Court cannot find that such a short term of restricted confinement coupled with a partial deprivation of a mattress amounts to an "atypical and significant" hardship that would give rise to a protected liberty interest. Because Plaintiff has no protected liberty interest, Plaintiff was not entitled to a hearing under the due process clause.

### Plaintiff's Motion for Leave to File an Amended Complaint

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6) seeks only to change the docket to reflect the proper name of one of Plaintiff's named defendants. Plaintiff does not attach an amended complaint, and based upon the discussion above, any amendment would be futile. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to Amend [6] is DENIED.  Plaintiff's Motions for Status [8][9] are DENIED as moot.**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Any amendment to the Complaint would be futile.  This case is therefore terminated.  All pending motions are denied as moot.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

4) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 15th day of April, 2016.

*s/James E. Shadid*
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE